UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SIGNATOURS CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE CALLENDER, an individual,<br><br>Defendant. | Case No. 1:24-cv-00151-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.   INTRODUCTION

Plaintiff Signatours Corporation filed this action against Defendant Wayne Callender, alleging direct copyright infringement with respect to thirty-seven photographs taken of Callender's properties. Pending before the Court is Callender's Motion for Summary Judgment as to Ownership, Statutory Damages and Attorney's Fees and Direct Infringement and Request for Attorney's Fees. (Dkt. 25). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing and the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court grants the motion.

## II.   BACKGROUND

Signatours is a photography company that specializes in creating original photographs for the lodging, hospitality, and architecture industries (Dkt. 1 ¶ 2). In 2018, a Signatours employee

**MEMORANDUM DECISION AND ORDER - 1**

took photographs of two lake homes owned by Callendar—one located on Garfield Bay and another on Neachen Bay—which he rented to vacationers (*id.* ¶ 3; Dkt. 25-4 ¶ 2).

In June 2018, Signatours offered to sell Callender the rights to use the photographs for $763 and $768, respectively. (Dkt. 25-3 ¶ 5). Callender did not purchase the rights (*id.* ¶ 6). In early 2019, Callender's friend and part-time assistant found the photographs on Booking.net (*id.* ¶ 7; Dkt. 28-3 ¶ 4); she and Callender's assistant, Sandra Ellis, downloaded the photographs believing they could use them because nothing on the photographs indicated they were protected by copyright (Dkt. 25-3 ¶ 7). Ellis uploaded the photographs for the Neachen Bay property to VRBO in February 2019 and uploaded the photographs for the Garfield Bay property sometime before March 10, 2020 (*id.* at ¶¶ 8, 11).

Signatours alleges it obtained copyright registrations dated June 24, 2020, for the photographs under registration numbers VA0002211120 and VA0002211121 (Dkt. 1 ¶ 5). Signatours, however, has never produced copies of the registrations nor filed them with the Court (Dkt. 28 at 2). Further, it admits the photographs were copied before it filed its copyright applications with the U.S. Copyright Office (Dkt. 27 ¶¶ 9-10).

Signatours filed this action on March 22, 2024, asserting one claim for direct copyright infringement and seeking statutory damages up to $5.5 million and attorney fees (Dkt. 1). This case was originally filed in the Western District of Washington but was dismissed for lack of personal jurisdiction over Callender and refiled in Idaho. On April 10, 2024, Callendar filed his answer and a counterclaim for declaratory judgment that Signatours cannot recover statutory damages or attorney fees under 17 U.S.C. § 412 (Dkt. 8). Callendar now moves for summary judgment on Signatours' direct copyright claim and his counterclaim (Dkt. 25). Callender also requests attorney fees (*id.*).

**MEMORANDUM DECISION AND ORDER - 2**

### III. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the court must "view[ ] the facts in the non-moving party's favor." *Id.* To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor." *Id.* (citation omitted).

When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once this burden has been met, the party resisting the motion "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. "[S]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

### IV. ANALYSIS

Callender seeks summary judgment on Signatours' claim for direct copyright infringement because Signatours has failed to prove ownership of a valid copyright and because even if

MEMORANDUM DECISION AND ORDER - 3

Signatours could prove its copyright ownership, it cannot establish direct infringement against Callender. Callender also argues that, at a minimum, Signatours is not entitled to statutory damages or attorney fees under 17 U.S.C. § 412 because the alleged copyrighted photographs were not registered before the alleged infringement nor was registration made within three months after the photographs were published on VRBO.

Signatours has conceded this last point and "seeks to amend its Complaint to omit the demand for statutory damages and automatic attorney fees" (Dkt. 26 at 4). As statutory damages and automatic attorney fees are no longer an issue, the only remaining issues are whether Signatours has proven that (1) it owns a valid copyright in the photographs; and (2) Callendar directly infringed.

A.  **Ownership of Valid Copyrights**

Copyright registration is a "precondition to filing a claim" for copyright infringement. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) (citing 17 U.S.C. § 411(a)); *see also Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 42 (1st Cir. 2013); *Oregon Cath. Press v. Ambrosetti*, 218 F. Supp. 3d 1158, 1163 (D. Or. 2016). "Although the registration requirement does not implicate the subject-matter jurisdiction of federal courts, proof of registration of the allegedly infringed work remains an element of a cause of action for copyright infringement." *Latin Am. Music Co.*, 705 F.3d at 42 (1st Cir. 2013) (internal quotation marks omitted).

Signatours has not produced the copyright registration certificates. During discovery, Callender requested "[t]he Copyrighted Works and associated records of their registration"—documents Signatours identified in its initial disclosures (Dkt. 25-5 at 11). Signatours, however, has never produced them. More fundamentally, Signatours submitted no evidence opposing

summary judgment: no affidavits, no depositions, no documents. The response brief claims counsel believed the certificates "had been produced" during discovery (Dkt. 26 at 4), but no certificates were attached to the response or otherwise provided to the Court.

Signatours' allegations, unsupported by affidavits or other evidence, do not suffice to withstand summary judgment. *Bishop v. Angelone*, 977 F.2d 587 (9th Cir. 1992) (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)) ("Bishop's allegations, unsupported by affidavits or specific facts, were insufficient to withstand summary judgment."). The non-moving party cannot overcome its burden by way of a simple general denial; rather, it must respond "by affidavit or as otherwise provided in [the] rule [and] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Without proof of registration, Signatours cannot establish an essential element of its claim. Accordingly, summary judgment for Callender is appropriate on this basis alone.

**B.　Direct Copyright Infringement**

Even if Signatours could prove ownership, it has failed to submit any evidence that Callender violated the copyright. To prove a claim of direct copyright infringement, a plaintiff must show that he owns the copyright and that the defendant *himself* violated one or more of the plaintiff's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).

Signatours has submitted no evidence in opposition to summary judgment. The parties agree that Signatours has no evidence that Callender personally copied any of the photographs at issue. The undisputed evidence shows that others downloaded the photographs, and that Ellis uploaded them to VRBO. Callender himself did not copy, reproduce, or distribute the photographs.

**MEMORANDUM DECISION AND ORDER - 5**

In response, Signatours argues for the first time that Callender may be liable under theories of vicarious liability or respondeat superior because his "agents or employees did copy those photographs," and "there is no evidence or claim by Callender that those agents or employees were acting outside the scope of their employment or contractual duties" (Dkt. 27 at 3). This argument comes too late. The Complaint alleges only direct infringement against Callender personally. It contains no allegations supporting vicarious liability, contributory infringement, or any other theory of indirect liability. The Complaint repeatedly alleges that "Callender" engaged in the infringing conduct, not his agents or employees.

A plaintiff cannot defeat summary judgment by raising new theories of liability not pleaded in the complaint. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) (concluding plaintiff could not raise disparate impact theory for the first time in opposition to summary judgment). Discovery has closed, and the time for amending pleadings has passed. Signatours cannot now pivot to a vicarious liability theory it never pleaded. Further, even if Signatours could raise this new theory at this late hour, it has failed to submit *any* evidence to support it.

Because Signatours has only alleged direct infringement by Callender in its Complaint and has not presented any evidence that Callender personally engaged in any act of direct infringement, the Court grants summary judgment in favor of Callender on the direct infringement claim.

C.   **Attorney Fees**

Callender requests an award of attorney fees under 17 U.S.C. § 505. The Copyright Act provides that the court "may" award reasonable attorney fees to the prevailing party. In exercising this discretion, courts consider: "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal

arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 614-15 (9th Cir. 2010).

These factors weigh in Callender's favor. First, Callender has achieved complete success on all issues. Second, Signatours' claims were objectively unreasonable. The Complaint sought $5.5 million in statutory damages despite Signatours' own exhibit showing it discovered the alleged infringement on June 13, 2020—eleven days before it filed for copyright registration on June 24, 2020 (Dkt. 1-1; Dkt. 25-1 ¶ 8). This timing makes statutory damages legally impossible under § 412, as Callender's counsel explicitly warned before this suit was filed (Dkt. 25-5 at 5-6).

Third, the prosecution of this case raises serious concerns. Signatours failed to produce any documents during discovery despite multiple requests and extensions. When asked for the factual basis supporting its claim for attorney fees, Signatours responded that its fees "ought to be worth at least a hundred bucks and a bucket of Kentucky Fried Chicken" (Dkt. 25-5 at 51). Most troubling, counsel represented to this Court that "it was the honest belief of the current attorney that those certificates had been produced" (Dkt. 26 at 4), when that same attorney—Michael Campbell—was the one who handled the discovery responses (Dkt. 28-2 at 2-4).

Fourth, Signatours brought a claim for direct infringement against Callender personally despite knowing that his assistants, not Callender himself, copied the photographs. This case was filed after dismissal in Washington for lack of personal jurisdiction, suggesting forum shopping rather than good-faith prosecution.

Finally, deterrence is necessary. Copyright holders have legitimate interests in protecting their work, but they must exercise basic diligence before demanding millions in statutory damages. Filing suit without confirming the essential elements of one's claim—and then failing to produce

**MEMORANDUM DECISION AND ORDER - 7**

any evidence when challenged—wastes judicial resources and imposes unfair costs on defendants. The Court therefore grants Callender's request for attorney fees under 17 U.S.C. § 505.

## V.   ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Summary Judgment (Dkt. 25) is **GRANTED**.

2. Defendant's request for attorney fees under 17 U.S.C. § 505 is **GRANTED**. Defendant shall submit a fee petition with supporting documentation within **fourteen (14) days** of this Order.

DATED: September 30, 2025

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 8**