UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SIGNATOURS CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE CALLENDER, an individual,<br><br>Defendant. | Case No. 1:24-cv-00151-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Wayne Callender's Fee Petition Pursuant to 17 U.S.C. § 505 (Dkt. 34). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court grants the motion and awards Callender $21,905.00 in attorney fees.

## I. BACKGROUND

The Court previously granted Callender summary judgment and his request for attorney fees under 17 U.S.C. § 505 (Dkt. 33 at 6-8). The Court directed Callender to submit a fee petition with supporting documentation (*id.* at 8). Callender timely filed the petition, seeking $20,910.00 for 45.1 hours of work in this action, including 0.9 hour preparing the fee petition (Dkt. 34 at 2). Signatours opposes the amount requested (Dkt. 35). In reply, Callender requests an additional

$995.00 for 2.1 hours spent preparing the reply (Dkt. 36 at 8). The total requested award is therefore $21,905.00.

## II. LEGAL STANDARD

The lodestar method governs the calculation of a reasonable attorney-fee award. Under that method, the Court multiplies "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The resulting lodestar is presumptively reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The fee applicant bears the burden of establishing that the claimed rates and hours are reasonable. *Id.*

A reasonable hourly rate is determined by the prevailing rate in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). In reviewing hours, the Court excludes hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The Court may also draw on its own knowledge of prevailing rates and the reasonableness of the work performed. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

## III. ANALYSIS

The Court has already determined Callender is entitled to recover attorney fees under § 505 (Dkt. 33 at 6-8). The only issue is the reasonable amount of the award.

### A. Reasonable Hourly Rate

Signatours argues Bateman's hourly rates of $450.00 in 2024 and $475.00 in 2025 exceed prevailing Boise rates, emphasizing its counsel's lower rate and Bateman's small-firm practice and office structure (Dkt. 35 at 3-5). Callender responds that Bateman has practiced for more than

thirty years, specializes in intellectual-property matters, and previously chaired intellectual-property practice groups at large firms (Dkt. 34-1 at 1-2; Dkt. 36 at 2-4).

The Court finds the requested rates reasonable. Recent decisions in this District support rates in this range. *See Gonzales v. Battelle Energy Alliance, LLC*, No. 4:20-cv-00102-BLW, 2026 WL 2427089, at *3–5 (D. Idaho Aug. 19, 2026) (collecting older cases identifying $450 as a prevailing rate for a partner with thirty years of experience and approving higher rates for experienced counsel).

**B. Hours Reasonably Expended**

Signatours raises numerous objections to Bateman's billing entries, contending certain work was clerical, vague, excessive, duplicative, or unnecessary (Dkt. 35 at 5-9). The Court has reviewed the billing records and Signatours' specific objections and concludes no reduction is warranted.

Signatours specifically challenges portions of the time devoted to the summary judgment filing, including time spent finalizing the memorandum and exhibits and preparing Bateman's supporting declaration. Those objections are unpersuasive. Bateman spent only 15.9 hours preparing the entire thirteen-page motion, three declarations, and more than 130 pages of evidentiary materials (Dkt. 36 at 6). That expenditure is notably efficient. Signatours' other objections—including 2 hours for discovery production, 1.6 hours reviewing Signatours' summary judgment opposition and related materials, 0.5 hour reviewing initial disclosures in preparation for discovery, and 1.2 hours finalizing and filing the summary judgment reply—likewise concern modest amounts of attorney time. Indeed, the entire summary judgment reply required only 4.4 hours. Signatours also challenges the 6.7 hours Bateman spent researching and preparing

Callender's Answer, defenses, and counterclaims. Given the work involved and the amount Signatours placed at issue, the Court finds 6.7 hours is reasonable.

The Court also rejects Signatours' contention that entries using the word "finalize," or that include filing or service, necessarily reflect non-compensable clerical work (Dkt. 35 at 5-7). The challenged descriptions reflect substantive revision of legal filings, preparation of declarations and exhibits, review of evidence, and client communications. Bringing a legal filing to final form is not rendered clerical merely because counsel describes the work as "finalizing" it. The Court finds the challenged hours reasonable.

Signatours separately objects to $7,702.50 in fees incurred in an earlier action in the Western District of Washington (Dkt. 35 at 1-2). Callender, however, does not seek recovery of those fees in this petition (Dkt. 36 at 2). They are therefore not included in the award.

Finally, Callender requests $995.00 for 2.1 hours spent preparing the reply in support of the fee petition (Dkt. 36 at 8). Considering the number of objections addressed, the Court finds that amount reasonable.

### C. Lodestar

Callender seeks $20,910.00 through the fee petition and an additional $995.00 for the reply. Although 2.1 hours at the approved $475 hourly rate would total $997.50, Callender requests only $995.00. Accordingly, the total requested award is $21,905.00.

## IV. ORDER

1. Defendant Wayne Callender's Fee Petition Pursuant to 17 U.S.C. § 505 (Dkt. 34) is **GRANTED**. The Court awards Defendant $21,905.00 in attorney fees.

2. The Clerk of Court is directed to enter final judgment in accordance with the Court's September 30, 2025, Memorandum Decision and Order (Dkt. 33) and this Order and to close this case.

**DATED:** August 24, 2026

Amanda K. Brailsford
U.S. District Court Judge